1  ROTHNER, SEGALL & GREENSTONE
   ANTHONY R. SEGALL (CSB No. 101340)
2  E-Mail: asegall@rsglabor.com
   MICHELE SHERER ANCHETA (CSB No. 192039)
3  E-Mail: mancheta@rsglabor.com
   510 South Marengo Avenue
4  Pasadena, California 91101-3115
   Telephone:  (626) 796-7555
5  Facsimile:   (626) 577-0124

6  Attorneys for Plaintiffs

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                   SOUTHERN DIVISION

| | |
|---|---|
| ANA M. HANSON, for and on behalf of Southern California Painting & Drywall Industries Health & Welfare Fund, Southern California Painting and Decorating Labor Management Cooperation Committee Trust Fund, and Southern California Painting & Drywall Industries Apprenticeship Trust Fund; and TERRY NELSON, for and on behalf of International Union of Painters and Allied Trades Industry Pension Fund, Finishing Trades Institute, and Painters and Allied Trades Labor Management Cooperation Initiative ("IUPAT Industry Pension Funds"),<br><br>            Plaintiffs,<br><br>     v.<br><br>SPECTRUM CONSTRUCTION GROUP, INC., a corporation; BISHER ALJAZZAR (an individual); and DOES 1-10, inclusive,<br><br>            Defendants. | Case No.:  8:22-cv-1994<br><br>COMPLAINT FOR DELINQUENT TRUST FUND CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS<br><br>[29 U.S.C. §§ 185(a), 1132(a)(3), and 1145] |

27  / / /
28  / / /

Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. This is an action for delinquent contributions due to employee benefit plans. Jurisdiction in this Court is based on §§ 502(a)(3), 502(e)(1), and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1145, and on § 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a).

2. Venue is proper in this Court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and LMRA § 301(a), 29 U.S.C. § 185(a), in that this is the district where the plans, other than the IUPAT Industry Pension Fund, are administered and a defendant may be found.

## PARTIES

3. The claims in this action are brought on behalf of the Southern California Painting & Drywall Industries Health & Welfare Fund, the Southern California Painting and Decorating Labor Management Cooperation Committee Trust Fund, the Southern California Painting & Drywall Industries Apprenticeship Trust Fund, and the IUPAT Industry Pension Fund (collectively "Trust Funds"). The Trust Funds are now, and were at all times material herein, jointly trusteed labor-management multiemployer trust funds created and maintained pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5). The Trust Funds are "employee benefit plans" as that term is defined in ERISA § 3(3), 29 U.S.C. § 1002(3), and within the meaning of ERISA § 515, 29 U.S.C. § 1145.

///

4. Plaintiff Ana M. Hanson is, and at all times material has been, a trustee and enforcement administrator of the Southern California Painting & Drywall Industries Health & Welfare Fund, the Southern California Painting and Decorating Labor Management Cooperation Committee Trust Fund ("LMCC"), and the Southern California Painting & Drywall Industries Apprenticeship Trust Fund.  Plaintiff Hanson is a "fiduciary" as that term is defined in ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), and within the meaning of ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), authorized by the foregoing listed trust funds to bring this action.

5. Plaintiff Terry Nelson is, and at all times material has been, the Fund Administrator of the International Painters and Allied Trades Industry Pension Fund, known as the "IUPAT Industry Pension Fund."  Plaintiff Nelson is a "fiduciary" as that term is defined in ERISA Section 3(21)(A), 29 U.S.C. § 1002(21)(A), and within the meaning of ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), authorized by the IUPAT Industry Pension Plan to bring this action.

6. The Trust Funds were created pursuant to separate agreements and declarations of trust ("Trust Agreements") executed and maintained pursuant to various collective bargaining agreements between the Painters and Allied Trades District Council 36, AFL-CIO ("District Council") and employers in the painting and drywall industry.  The Trust Funds are funded by payments from participating employers.

7. Plaintiffs are informed and believe, and on that basis allege, that Defendant Spectrum Construction Group, Inc. (Spectrum) is a California corporation with its principal place of business in Los Angeles, California.  Spectrum is an "employer" engaged in "commerce" and in an "industry affecting

commerce" as defined in LMRA §§ 2(2) and (7), 29 U.S.C. §§ 152 (2) and (7), and LMRA § 301(a), 29 U.S.C. § 185(a), and in ERISA §§ 3(5) and (12), 29 U.S.C. §§ 1002(5) and (12), and ERISA § 515, 29 U.S.C. § 1145.

8. Plaintiffs are informed and believe and on that basis allege that Defendant, Bisher Aljazzar, is an individual and was at all material times to this action the RMO of defendant, Spectrum Construction Group, Inc.

9. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names.

10. Plaintiffs are informed and believe, and thereon allege, that at all material times each of the defendants was the agent and/or employee of the remaining defendants and that each was acting within the course and scope of such agency and/or employment. To the extent that the conduct and omissions alleged herein were perpetrated by one or more defendants, the remaining defendants confirmed and ratified such conduct and omissions.

**FACTUAL ALLEGATIONS**
**[THE OBLIGATION TO MAKE BENEFIT CONTRIBUTIONS]**

11. At all relevant times, Spectrum has been a party to and bound by a collective bargaining agreement ("CBA") with District Council #36. The Trust Funds have at all times been third party beneficiaries of the CBA.

/ / /
/ / /
/ / /

-4-

12. Per the CBA, the Employer is required to pay employee benefit plan contributions to the Trust Funds. The amounts of such contributions are based on the total number of hours worked by each covered employee or required to be paid to such employee, and the Employer is required to report on and pay such amounts monthly.

13. Under Declaration of Trust for the Pension Fund, the Health and Welfare Fund, the Apprenticeship Fun and the Labor Management Cooperation Committee Fund, the Employer is required to pay employee benefit plan contributions to the Trust Funds. The amounts of such contributions are based on the total number of hours worked by each covered employee or required to be paid to such employee, and the Employer is required to report on and pay such amounts monthly.

## FIRST CLAIM FOR RELIEF
## [FAILURE TO PAY MONIES OWED]

14. Pursuant to reports submitted without money by Spectrum for the months of August 2021-January 2022, Spectrum is delinquent to the Trusts in the amount of $14,216,73 in contributions; interest in the amount of $994.12; and liquidated damages in the amount of $1,322.26.

**WHEREFORE**, plaintiffs seek judgment against Spectrum Construction. as follows:

1. For delinquent contributions due;
2. For interest due;
3. For liquidated damages due;
4. For reasonable attorneys' fees and costs incurred;

5. For such other and further relief as this Court deems proper.

DATED: October 31, 2022

ANTHONY R. SEGALL
MICHELE SHERER ANCHETA
ROTHNER, SEGALL & GREENSTONE

By: /s/Michele Sherer Ancheta
MICHELE SHERER ANCHETA
Attorneys for Plaintiffs