_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 8:22-cv-01994-FWS | Date: March 2, 2023 |
| Title: Ana M. Hanson *et al.* v. Spectrum Construction Group, Inc. *et al.* | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|:---:|:---:|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|:---:|:---:|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE**

Plaintiffs Ana M. Hanson, on behalf of Southern California Painting and Drywall Industries Health and Welfare Fund and Southern California Painting and Decorating Labor Management Cooperation Committee Trust Fund, and Terry Nelson, on behalf of International Union of Painters and Allied Trade Industry Pension Fund, Finishing Trades Institute and Painters, and Allied Trades Labor Management Cooperation Initiative (collectively, "Plaintiffs"), noticed a Motion for Default Judgment for hearing on March 2, 2023 at 10:00 a.m. (Dkt. 19.)

On March 2, 2023, the courtroom deputy called this matter for hearing. At 11:19 a.m., the court noted that neither Plaintiffs nor Defendant Bisher Aljazzar appeared for the hearing. The courtroom deputy indicated on the record that Plaintiffs had not checked in, or requested to appear telephonically or by Zoom. In addition, the courtroom deputy stated she attempted to contact Plaintiffs' counsel, Michele S. Ancheta and Anthony R. Segall, but was unable to reach counsel using the telephone number listed on the docket.

The court then summarized the docket activity as follows. On January 24, 2023, Plaintiffs moved for default judgment against Defendants Bisher Aljazzar and Spectrum Construction Group, Inc. (Dkt. 19.) The motion for default judgment was set for hearing on today's date, March 2, 2023, at 10:00 a.m. All hearings before the court have been conducted

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01994-FWS                                                          Date: March 2, 2023
Title: Ana M. Hanson *et al.* v. Spectrum Construction Group, Inc. *et al.*

in person since February 1, 2023.[1]  On February 15, 2023, Defendant Bisher Aljazzar filed a motion to set aside his default.  (Dkt. 22.)  The court granted this motion on February 24. 2023.  (Dkt. 23.)  However, the default remains entered as to Defendant Spectrum Construction Group, Inc.  (*See* Dkt. 15.)  Finally, the docket did not contain any requests to continue the March 2, 2023, hearing, appear remotely, or vacate the scheduled hearing.  (*See generally* Dkt.)

Based on the record, and the fact that the Motion for Default Judgment is still pending as to Defendant Spectrum Construction Group, Inc., the court **CONTINUES** this hearing for two weeks, until **March 16, 2023, at 11:00 a.m.** in Courtroom 10D.  In addition, Plaintiffs are **ORDERED TO SHOW CAUSE** in writing, on or before **March 9, 2023, at 12:00 p.m.**, why sanctions, including monetary sanctions, should not be imposed for failing to appear at the scheduled court hearing on March 2, 2023, at 10:00 a.m., in Courtroom 10D.  The written response to the Order to Show Cause must be accomplished by way of declaration, not solely by a memorandum of points and authorities.  Both counsels of record, Michelle S. Ancheta and Anthony R. Segall, are individually required to file their own declarations explaining why there was no appearance at the scheduled court hearing on March 2, 2023, at 10:00 a.m., and why sanctions should not be imposed.  The court also **ORDERS** Plaintiffs to appear at a hearing on the Order to Show Cause on **March 16, 2023, at 11:00 a.m.** in Courtroom 10D.  Finally, the court **ORDERS** Plaintiffs to serve this Order and the March 2, 2023, Minute Order Regarding the Hearing on the Motion for Default Judgment on Defendant Bisher Aljazzar on or before **March 10, 2023.**

Failure to adequately comply with the court's orders described above, including compliance with orders requiring individual declarations in response to the Order to Show Cause, the orders to appear at the hearings set for March 16, 2023, or the order to serve this order on Defendant Bisher Aljazzar, may result in sanctions being imposed.  These sanctions may include monetary sanctions and/or dismissing the action.  *See Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) ("Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to

---

[1] *See* https://www.cacd.uscourts.gov/honorable-fred-w-slaughter.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:22-cv-01994-FWS | Date: March 2, 2023 |
| Title: Ana M. Hanson *et al.* v. Spectrum Construction Group, Inc. *et al.* | |

signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power."); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence."); *Fink*, 239 F.3d at 994 ("[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith.  Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose."); L. R. 83-7 ("The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.").

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku